UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NELSON J. MEZERHANE GOSEN<br>19532 Planters Point Drive<br>Boca Raton, FL 33434<br><br>　　　　Plaintiff<br><br>　　v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION<br>SERVICES<br>425 I Street, NW<br>Washington, DC 20536<br><br>　　　　Defendant | Civ. Action No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from the Plaintiff, Mr. Nelson J. Mezerhane Gosen, by the Defendant, the United States Citizenship and Immigration Services ("USCIS").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. The District Court has jurisdiction to enjoin an agency from withholding agency records and to order the production of any agency records improperly held from a complainant. 5 U.S.C. § 552(a)(4)(B).

2. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

3. Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

4. The Plaintiff, Mr. Nelson J. Mezerhane Gosen, is a native of Venezuela. He currently resides in Boca Raton, Florida. Plaintiff is the requester of the records being improperly withheld by the Defendant.

5. The Defendant, U.S. Citizenship and Immigration Services, is an agency of the Executive Branch of the United States Government. USCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1). USCIS has possession, custody, and control of the records to which the Plaintiff seeks access. Under FOIA, the agency bears the burden of justifying any withholding. 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

6. Plaintiff filed his application for asylum with USCIS on August 6, 2010, asserting that the Government of Venezuela persecutes him because, as a co-founder Venezuela's last independent television station, he refused to silence the station's critical programming. Defendant has yet to issue written notice of adjudication of Plaintiff's asylum application.

7. On March 29, 2013, the Plaintiff, through his attorney Sandra A. Grossman, Esq. of Grossman Law, LLC, submitted a FOIA request to USCIS requesting Plaintiff's "Complete Alien File (A-File)." A true and correct copy of this FOIA request is attached hereto as Exhibit A.

8. On May 6, 2013, Plaintiff received a letter dated April 29, 2013 from Ms. Jill A. Eggleston, Director, FOIA Operations, USCIS, which included USCIS's response to Plaintiff's request stating that the agency had identified 690 pages responsive to Plaintiff's request. A true and

correct copy of Ms. Eggleston's response letter is attached hereto as <u>Exhibit B</u>. USCIS released 498 pages in their entirety, 84 pages in part, and withheld 55 pages in full. Ms. Eggleston's letter referenced four FOIA exemptions under 5 § U.S.C. § 552 which applied to the redacted or withheld pages, including: Exemption (b)(5); Exemption (b)(6); Exemption (b)(7)(C); and Exemption (b)(7)(E). Within the partially released documents, USCIS issued several pages noting that, as of September 21, 2010, Plaintiff's case was described as "CURRENT STATUS: ASYLUM GRANTED."

9. On May 10, 2013, Plaintiff timely submitted his administrative appeal of USCIS's decision to withhold 84 pages in part and 55 pages in full. A true and correct copy of Plaintiff's appeal is attached hereto as <u>Exhibit C</u>. Plaintiff requested that USCIS "reevaluate its decision to withhold 55 pages of documents in their entirety, and to withhold information that has been redacted in 84 pages of its response." Regarding withheld and redacted information, Plaintiff requested that "USCIS provide a specific, detailed explanation why each document was withheld or why each particular redaction is warranted."

10. On June 28, 2013, Plaintiff received a letter dated June 20, 2013 from Mr. Alan D. Hughes, Associate Counsel, Commercial and Administrative Law Division, Department of Homeland Security, Citizenship and Immigration Services. A true and correct copy of Mr. Hughes response is attached hereto as <u>Exhibit D</u>. Mr. Hughes responded to Plaintiff's appeal by releasing 4 additional pages in part, still redacted pursuant to 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). He denied Plaintiff's request that it "itemize and justify each item of the information withheld."

11. Defendant has violated FOIA by improperly withholding and redacting responsive records, and by failing to produce reasonably segregable portions of withheld records.

12. Plaintiff exhausted his administrative remedies under FOIA.

## COUNTS FOR RELIEF

### Count One: Failure to Provide Responsive Records

13. Plaintiff realleges and incorporates paragraphs 1-12.

14. On March 29, 2013, Plaintiff properly submitted a request to USCIS for "his record or to any information pertaining to him," to which he is entitled under 5 U.S.C. § 552(d).

15. Defendant failed to provide reasonably segregable portions of the 55 pages of withheld responsive records, as required by 5 U.S.C. § 552(b) and despite the near certainty that at least some portions of the 55 pages of responsive records are reasonably segregable.

16. Defendant failed to provide reasonably segregable portions of the 84 pages of redacted records, as required by 5 U.S.C. § 552(b), despite the near certainty that at least some portions of the 84 highly redacted pages of responsive records are appropriate for disclosure.

17. Defendant improperly relied upon exemptions under 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) in withholding and redacting responsive records.

18. Plaintiff continues to be irreparably harmed by Defendant's unlawful withholding of the requested records.  Plaintiff, who has endured years of persecution at the hands of the Venezuelan Government, is deprived of the opportunity to learn the full contents of the agency's file and why the agency has not issued him written notice of adjudication of his claim.

19. Unlike lawmakers in Plaintiff's native Venezuela, by enacting FOIA, Congress signified that the United States favors a government of openness.  The Supreme Court has noted that, "[w]ithout question, the [Freedom of Information] Act is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and

attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 80 (1973).

20. Accordingly, Defendant's withholding and redaction of responsive documents is improper and violates FOIA.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to conduct a new search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

2. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption;

3. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

4. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 16th day of July, 2013,

NELSON J. MEZERHANE GOSEN

*By counsel,*


/s/ Sandra A. Grossman
Sandra A. Grossman
DC Bar Number: 489814

Grossman Law, LLC
110 N. Washington Street, Suite 350
Rockville, MD 20850
Phone: (240) 403-0913
Fax: (240) 453-0915
sandra@grossmanlawllc.com

*Counsel for Plaintiff*